FILED '09 DEC 15 11:38 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

STACY LYNN PRINE,                                                                    08-6274-TC

                              Plaintiff,

               v.                                        FINDINGS and RECOMMENDATION

MICHAEL J. ASTRUE, Commissioner Social
Security Administration,

                              Defendant.
_____

COFFIN, Magistrate Judge:

### **Introduction**

        Plaintiff Stacy Lynn Prine brings this action pursuant to the Social Security Act, 42 U.S.C.

§ 405(g) (the Act), to obtain judicial review of a final decision the Commissioner of the Social

Security Administration (Commissioner) denying her claim for Supplemental Security Income (SSI)

benefits. For the reasons discussed below, the court should affirm the Commissioner's decision and

dismiss this matter.

///

Page 1 - FINDINGS and RECOMMENDATION

Plaintiff completed high school and has one year of college. She has worked as a restaurant manager, a home attendant and a convenience store clerk. (Doc. 11-2, p 136.[1]) She was 37 years old on June 24, 2003, which was the date of her initial alleged onset of disability. Plaintiff has since amended her disability onset date twice, with the most recent claimed onset date being April 23, 2007. (Doc. 11-2, p. 14.)

Plaintiff has a long history of substance abuse. She was incarcerated for possession and delivery of methamphetamine, and other things, in January 2007. Some of Plaintiff's relevant treatment occurred while she was incarcerated. (Doc. 19, p. 3.)

The medical records in this case accurately set forth the Plaintiff's medical history as it relates to her claim for benefits. The court has carefully reviewed the medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be discussed below only as they are relevant to the issues before the court.

## Procedural Background

On January 27, 2006, Plaintiff protectively filed her current claim for SSI disability payments. The claim was denied initially and upon reconsideration. On February 14, 2008, an Administrative Law Judge (ALJ) held a hearing, and on March 8, 2008, the ALJ issued a decision denying benefits. Plaintiff requested review of the ALJ's decision. On July 9, 2008, the Appeals Council denied review, making the ALJ's decision the Commissioner's final decision that is subject to judicial review. Plaintiff timely filed an action in this court.

///

---

[1] Citations are to the page(s) indicated in the official transcript of the record which was electronically filed with the Commissioner's Answer.

## Standard

This court's review is limited to whether the Commissioner's decision to deny benefits to plaintiff is based on proper legal standards under 42 U.S.C. § 405(g) and supported by substantial evidence on the record as a whole. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance, Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorensen v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)).  The court must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## Discussion

Plaintiff asserts that the ALJ erred by: (1) failing to properly consider the opinion of Plaintiff's treating psychologist; (2) failing to properly consider the opinion of the non-examining psychologist; (3) failing to properly consider plaintiff's testimony; and (4) failing to prove that Plaintiff retains the ability to perform "other work" in the national economy.

## I. Medical Evidence

### A. Donald R. Nelson, Ph.D.

Dr. Nelson treated Plaintiff for a three to four month period while she was incarcerated in the Lane County Jail. Plaintiff saw Dr. Nelson twice a month. (Doc. 11-4,p. 117.) In response to an inquiry from Plaintiff's counsel, Dr. Nelson explained that he had diagnosed plaintiff with ADHD combined type, generalized anxiety disorder, and PTSD from a childhood trauma. He treated plaintiff for anxiety reduction strategies. Dr. Nelson opined that plaintiff had poor concentration and impulse control; he specifically described her poor impulse control as "butting into others [sic] affairs." Dr. Nelson stated that working with the public would be a problem for Plaintiff due to her poor impulse control. Dr. Nelson ended his letter by stating that "Plaintiff is truly in need of SSI." (Doc. 11-4, p. 117-123.)

The ALJ found that Plaintiff's compliance with treatment outside of prison was inconsistent, that the comprehensive medical record did not support Plaintiff's complaints of PTSD and panic attacks and that there was concern–from Plaintiff's treating physician, that Plaintiff used these complaints as a vehicle to get Xanax, Klonopin and similar medications. (Doc. 11-2, p. 21.) In sum, the ALJ found that based on the conclusion of medical sources with a "longitudinal picture of [Plaintiff's] circumstances," Plaintiff had the residual functional capacity (RAF) to perform a full range of work at all exertional levels with the following limitations: occasional public contact; no exposure to dust, fumes, gases, or odors; an unscheduled 15 minute break at least once a week for anxiety. (Doc. 11-2, pp. 20, 23.)

Plaintiff contends that the ALJ erred by failing to give clear and convincing reasons for rejecting Dr. Nelson's opinion. She argues that the ALJ did not discuss Dr. Nelson's opinion, nor give

any reasons for failing to credit it.  The ALJ's opinion reflects, however, that she did discuss Dr. Nelson's opinion. The ALJ considered Dr. Nelson's notation that, although there was some reduction in Plaintiff's symptoms of agitation, flight of ideas, and poor social judgement, those limitations still apply even after Plaintiff abstained from drugs for approximately two months.  (Doc. 11-2, p. 21.) The ALJ also considered Dr. Nelson's opinion that Plaintiff would decompensate without access to legal medication when she left prison.  The ALJ noted, however, that Plaintiff's treatment outside of prison was inconsistent, objective evidence in the medical record did not support her PTSD and panic attacks, and there was evidence that Plaintiff's symptoms may be a vehicle to obtain prescription medications.  I find that the ALJ adequately considered Dr. Nelson's opinion along with conflicting medical evidence, and rejected Dr. Nelson's opinion for specific and legitimate reasons which are supported by the record.  Lester v. Chater, 81 F.3d 821, 30-31 (1996).

### B. Miller Garrison, Ph.D.

Dr. Garrison was a non-examining psychologist who testified at Plaintiff's hearing.  (Doc. 11-2, p. 31-44.)  He testified that, since the amended offset date, Plaintiff had a longstanding diagnosis of affective disorder and a substance addiction disorder which was in some level of remission.  (Id., p. 32-33.)  Dr. Garrison testified that Plaintiff's panic disorder is relatively well treated by medications.  (Id., p. 42.)  He opined that Plaintiff was capable of completing one-to-three step tasks, capable of public contact, except when experiencing a panic attack, could accept instructions and criticism from supervisors, and could generally attend work on a regular schedule. (Id., p. 34-38.)

The ALJ noted Dr. Garrison's testimony with regard to Plaintiff's ability (and limitations) in completing one-to-three step tasks and considered that Dr. Garrison testified that anxiety disorders,

such as Plaintiff's respond well to medication. (Doc. 11-2, p. 22.) The ALJ noted that, according to Dr. Garrison, Plaintiff's current anxiety disorder began as she experienced sobriety after years of drug use, that he cannot predict whether it would resolve or be ameliorated within twelve months of the amended onset date, and that Plaintiff had not met her burden of establishing that her anxiety has lasted or is expected to last for twelve months. (Id., p. 23.)

Plaintiff contends that the ALJ erred by failing to address Dr. Garrison's full opinion and points out that Dr. Garrison's opinion is consistent with Plaintiff's own testimony regarding limitations due to panic attacks and with Dr. Nelson's opinion regarding Plaintiff's difficulties in focusing and accepting criticism. As set forth above, however, the ALJ noted Dr. Garrison's testimony regarding Plaintiff's capabilities with regard to one-to-three step tasks. Whether Dr. Garrison's opinion is consistent with that of Plaintiff regarding her limitations due to panic attacks is of no consequence. To the extent that a physician's opinion is based on a claimant's subjective complaints, it is properly given the same weight as the claimant's credibility. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). Moreover, to the extent that the ALJ rejected Dr. Garrison's opinion, it was contradicted by other medical evidence, and the ALJ gave specific and legitimate reasons for her rejection, which are supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. I find the ALJ properly considered Dr. Garrison's opinion.

## II. Plaintiff's Credibility

Plaintiff argues that the ALJ erred by failing to give clear and convincing reasons for rejecting her testimony. Initially, plaintiff alleged multiple physical impairments; however, at the hearing, she renounced any severe physical impairments. (Doc. 11-2, pp. 20-21, 46-47.) She claimed disability due to mood swings and panic attacks. (Id., p. 46.) Plaintiff initially reported

Page 6 - FINDINGS and RECOMMENDATION

panic attacks once a week, but she stated at the hearing that the attacks accelerated to once a day in the two weeks prior to the hearing when she was trying to quit smoking. (Id.) Plaintiff testified that when she had panic attacks during her classes she took a break for approximately fifteen minutes. (Id., p. 49.) Notes from her treating physician, Dr. Forrester, indicate that Plaintiff may have exaggerated her symptoms in order to acquire drugs for resale. (Id., p. 18.) Plaintiff's treating physician's records reflect that she often lost her medications or ran out because she exceeded the prescribed amount. (Doc. 11-4, pp. 317, 321, 311.)

The ALJ found that Plaintiff was not fully credible, noting that "historically her psychological complaints appear inextricably tied to her drug abuse and drug-seeking behaviors." (Doc. 11-2, p. 22.) The ALJ observed that Plaintiff's use of mental health services has been largely related to the consequences of her drug use and sales and to issues concerning custody of Plaintiff's children. (Id.) The ALJ noted that Plaintiff's treatment outside prison had been inconsistent and the concerns that Plaintiff was misusing her medications. (Id., p. 21.)

Plaintiff argues that the ALJ failed to give clear and convincing reasons for rejecting her testimony. As set forth above, the ALJ specifically discussed the inconsistencies in Plaintiff's testimony: initial claims of physical disabling symptoms, which were recanted at the hearing; initial claims that her panic attacks happened once a week, which was accelerated to once a day at the hearing. Moreover, the ALJ noted that Plaintiff's physician had questions about her possible misuse of her prescription drugs and observed that Plaintiff's subjective symptoms were not supported by the objective medical record. I find that the ALJ's credibility determination is supported by substantial evidence in the record and should not be disturbed. Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

Page 7 - FINDINGS and RECOMMENDATION

### III. **Vocational Expert**

At the hearing, the ALJ asked vocational expert Mark A. McGowan whether jobs existed in the national economy for persons with Plaintiff's age, education, work experience, and RAF. (Doc. 11-2, pp. 51-56.) The vocational expert listed several jobs which Plaintiff could perform. In response to additional questions posed by Plaintiff's attorney, the vocational expert opined that if Plaintiff missed more than one day a week, on average, there would be no work for her and if she experienced disruptions in concentration for four hours per week it could be problematic depending on the employer. (Id.)

Plaintiff argues that if Dr. Nelson's opinion is credited "as it should be," Plaintiff would be unable to work. (Doc. 19, p. 19-20.) Plaintiff also argues that Plaintiff's own testimony regarding the length of her daily panic attacks should be credited for a determination that she is unable to work. (Id.)

The ALJ is required to include only those limitations she finds credible in the hypothetical questions. Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989). Here, I find that the ALJ's RAF finding was proper because it took into account the limitations for which there were support in the record. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). I find that the Commissioner met the burden of establishing that Plaintiff retains the ability to perform other work in the national economy.

### **Conclusion**

I find that the ALJ's decision is supported by substantial evidence and was decided by the proper legal standards. For these reasons, the court should affirm the Commissioner's decision and should enter final judgment.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.  If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this __15__ day of December 2009.

_____
THOMAS M. COFFIN
United States Magistrate Judge